**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**SHERRY REYNOLDS,**

       **Plaintiff,**

**v.**                                  **Case No.**  2:19-cv-00038
                                           **(Formerly Civil Action No. 18-C-327)**

**ENCOMPASS HEALTH CORPORATION,**
**FREDA MCVAY and PAM DOUGLAS,**

       **Defendants.**

**DEFENDANT ENCOMPASS HEALTH CORPORATION'S**
**NOTICE OF REMOVAL OF CIVIL ACTION**

       Defendant Encompass Health Corporation ("Encompass"), by counsel Charlotte Hoffman Norris, Sarah A. Walling, and Jenkins Fenstermaker, PLLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of Action ("Notice of Removal") to the United States District Court for the Southern District of West Virginia, Charleston Division, from the Circuit Court of Wood County, West Virginia on the following grounds:

**TIMELINESS OF REMOVAL**

       1.      A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

       2.      Encompass was served with the Summons and Complaint through the West Virginia Secretary of State on or about December 14, 2018. *See* Exhibit A, Confirmation of

Service of Process.  The Summons and Complaint were received by Encompass's designated agent for service of process on or about December 20, 2018.

3.     As such, this action is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because it was removed within thirty days after receipt of the Complaint on December 14, 2018.

## JURISDICTION AND VENUE

4.     Venue is proper in this district under 28 U.S.C. § 1441(a) because Civil Action No. 18-C-327 was filed in this district and division.  *See* Exhibit B, Complaint.

5.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which provides that diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states.

6.     The amount in controversy raised by the Complaint exceeds $75,000.00 exclusive of interest and costs.

7.     Plaintiff is a West Virginia resident and Encompass is a Delaware corporation with its principal place of business in Alabama. *See* Exhibit B at ¶¶1 and 3.   Diversity jurisdiction exists under the fraudulent joinder doctrine because Plaintiff and Encompass, are the only proper parties to this lawsuit.

8.     Defendants Freda McVay ("McVay") and Pam Douglas ("Douglas") are West Virginia residents.  However, there is no possibility Plaintiff can establish a cause of action against McVay and Douglas.  Thus, notwithstanding the existence of non-diverse parties, this removal notice is proper, because fictitious and fraudulently joined parties do not destroy diversity jurisdiction.

4825-8570-4837, v. 1

## FRAUDULENT JOINDER

9.     The fraudulent joinder doctrine "permits removal when a nondiverse party is (or has been) a defendant in the case. . . .   This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (parentheticals in original).

10.     Fraudulent joinder requires the removing party to establish that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

11.     Plaintiff's Complaint purports to assert a cause of action against Defendants under the West Virginia Patient Safety Act.  *See generally* Exhibit B.

12.     The West Virginia Patient Safety Act ("the Act") prohibits retaliation or discrimination as follows:

> No person may retaliate or discriminate in any manner against any health care worker because the worker . . .
>
> (1)  Makes a good faith report, or is about to report, verbally or in writing, to the health care entity or appropriate authority an instance of wrongdoing or waste;
>
> (2)  Advocated on behalf of a patient or patients with respect to the care, services, or conditions of a health care entity;

W.Va. Code §16-39-4(a).

13.     The Patient Safety Act defines "discrimination or retaliation" as follows:

> "Discrimination or retaliation" includes any threat, intimidation, discharge or any adverse change in a health care worker's position,

3

location, compensation, benefits, privileges or terms or conditions of employment that occurs as a result of a health care worker engaging in any action protected by this article.

W.Va. Code §16-39-3(4).

14.     Thus, in order to state a *prima facie* claim under the Act, Plaintiff must allege that McVay and Douglas retaliated against her because she made a good faith report or was about to report an instance of wrongdoing or waste as defined by the Act.

15.     Plaintiff's Complaint asserts a total of four (4) specific allegations against McVay: 1) that McVay was a West Virginia resident; 2) that McVay trained Plaintiff; 3) that Plaintiff told McVay that she did not receive adequate training for her duties as a Registered Nurse at Encompass's Parkersburg, West Virginia facility; and 4) without citing to any specific instances, that McVay "aided and abetted the Encompass Health Corporation" to violate West Virginia law.  *See* Exhibit B at ¶¶12, 13, 18, and 53.

16.     Plaintiff's Complaint asserts a total of five (5) specific allegations against Douglas: 1) that Douglas was a West Virginia resident; 2) that Douglas trained Plaintiff; 3) that Plaintiff told McVay that she did not receive adequate training for her duties as a Registered Nurse at Encompass's Parkersburg, West Virginia facility; 4) that Plaintiff was not properly trained to perform lab technician work and that it was causing problems with patient care; and 5) without citing to any specific instances, that McVay "aided and abetted the Encompass Health Corporation" to violate West Virginia law.  *Id*. at ¶¶12, 13, 18, 25, and 52.

17.     Plaintiff's Complaint describes a handful of alleged safety reports, none of which were allegedly made to McVay and only one of which was allegedly made to Douglas.

18.     The bulk of Plaintiff's Complaint described alleged reports of patient safety concerns to <u>other Encompass employees</u>.  For example, Plaintiff alleges that she told Encompass

4

employees Rene Ingraham ("Ingraham"), Barbara Carpenter ("Carpenter"), and Tonda Hockenberry ("Hockenberry") that her lack of training potentially risked patient safety. *Id*. at ¶¶20. Plaintiff also alleges that she "raised concerns" with Ingraham regarding improper charting procedures. *Id*. at ¶¶21-22. Plaintiff further claims that she advised Carpenter, Ingraham, Hockenberry, and Douglas that she was inadequately trained for lab tech duties. *Id*. at ¶¶23-25. The Complaint also describes an incident with a patient suffering from multiple sclerosis in which Carpenter allegedly told Plaintiff to change her charting of the patient's care. *Id*. at ¶¶27-31. Plaintiff also claims that she reported to Carpenter that another employee had shingles and that Carpenter allowed the employee to continue working. *Id*. at ¶32.

19. The Complaint also describes a meeting that allegedly took place in November 2017 between Plaintiff, Carpenter, Hockenberry, and Julie Swanson ("Swanson"), who was Encompass's Human Resources Director during Plaintiff's employment. *Id*. at ¶¶33-36. Plaintiff claims that she complained to Ingraham that Encompass was a hostile work environment, and that she was allegedly "pulled into a meeting" to discuss these allegations but was "peppered . . . with a series of questions which ultimately gave Plaintiff the impression" that Encompass's management would not support her in resisting the alleged hostile work environment. *Id*. Neither McVay nor Douglas are identified as participants in this meeting.

20. The alleged incidents described in the Complaint primarily involve Ingraham, who is an Ohio resident, Carpenter, who is an Ohio resident, Hockenberry, who is an Ohio resident, and Swanson, who is an Illinois resident. However, Plaintiff did not name Ingraham, Carpenter, Hockenberry, or Swanson as a defendant in this case.

21. Plaintiff's Complaint alleges only one instance of retaliation: "Plaintiff's termination by Defendant Encompass represents a breach of the protections afforded Plaintiff by

5

the Patient Safety Act, thereby wrongfully terminating Plaintiff in retaliation for her protected advocacy on behalf of her patients with respect to the care, services of conditions of Healthsouth/Encompass Health Corporation." *Id*. at ¶ 59.

22.     Plaintiff's Complaint describes Plaintiff's termination and the events leading up to her termination in detail.  According to the Complaint, on June 3, 2018, Plaintiff arrived at Encompass's Parkersburg, West Virginia facility but did not clock in because she felt she was unable to perform her nursing duties that evening.  *Id*. at ¶¶37-40.

23.     On June 5, 2018, Plaintiff emailed Hockenberry and claimed that she did not clock in because she felt her alleged lack of training posed a safety issue.  *Id*. at ¶41.

24.     On June 6, 2018, Swanson called Plaintiff and asked her to come in to work earlier than her scheduled time.  Plaintiff allegedly found Swanson waiting for her with Hockenberry.  Swanson told Plaintiff, over Plaintiff's objections, that Plaintiff's employment was being terminated notwithstanding Plaintiff's argument that she did not clock in because she believed patient care would suffer if she was required to work.  *Id*. at ¶¶42-50.

25.     According to Plaintiff's Complaint, Swanson and Hockenberry were the only employees involved in Plaintiff's termination; however, Swanson and Hockenberry, who again reside in Illinois and Ohio, respectively, were not named as defendants in this case.  Rather, Plaintiff's Complaint named McVay and Douglas (West Virginia residents) as defendants, despite the lack of any factual allegation to support any purported retaliation against Plaintiff by either McVay or Douglas.

26.     Plaintiff does not allege, nor could she allege, that McVay or Douglas terminated her employment.  McVay and Douglas were hospital staff who were allegedly assigned, along with others, to act as Plaintiff's trainers as Plaintiff acclimated to her employment.  *Id*. at ¶ 12.

6

27. In *Soyoola v. Oceanus Ins. Co.*, 2013 U.S. Dist. LEXIS 1025 (N.D.W.Va. 2013), this Court held that a plaintiff "has stated no claim of action under which he has a 'glimmer of hope' of recovery" against a defendant when a plaintiff fails to allege facts regarding an essential element of the plaintiff's claim.

28. Based upon the allegations discussed above, it is apparent that McVay and Douglas were named as defendants solely for the purpose of attempting to defeat diversity jurisdiction and that Plaintiff does not even have a "'glimmer of hope" of recovery" against them. Again, there are no factual allegations that pertain to any patient safety reports Plaintiff allegedly made to McVay, and there are no allegations that McVay or Douglas were involved in any way in Plaintiff's termination, which, as previously discussed, is the single instance of retaliation described in Plaintiff's Complaint. *See* Exhibit B at ¶¶51, 59.

## CONSENT TO REMOVAL AND SUPPORTING DOCUMENTS

29. Fraudulently joined defendants are not required to consent to a co-defendant's notice of removal. *Fleming v. United Teacher Assocs. Ins. Co.*, 250 F.Supp.2d 658, 663 (S.D.W.Va. 2003). However, McVay and Douglas have provided undersigned counsel with their consent to this removal, which is attached as Exhibit C.

30. Pursuant to 28 USC §1447(b) and the Local Rules of the Southern District of West Virginia, a copy of the state court docket sheet and all documents listed thereon is attached as Exhibit D.

31. A copy of Encompass's Notice of Filing of Notice of Removal, which will be filed with the Circuit Court of Wood County, West Virginia, is attached as Exhibit E.

32. For the reasons stated herein, Encompass has satisfied all procedural and statutory requirements to remove this case to Federal Court.

4825-8570-4837, v. 1

33.     Accordingly, pursuant to Fed. R. Civ. P. 81 and in conformance with the requirements set forth in 28 U.S.C. §§ 1332, 1441 and 1446, Encompass hereby removes this action from the Circuit Court of Wood County, Civil Action No. 18-C-327, to this Court, the United States District Court for the Southern District of West Virginia, Charleston Division.

Respectfully submitted,

**ENCOMPASS HEALTH CORPORATION,**

By counsel

/s/ Sarah A. Walling
Charlotte A. Hoffman Norris, Esquire (WVSB # 5473)
Sarah A. Walling, Esquire (WVSB #11407)
JENKINS FENSTERMAKER, PLLC
P.O. Box 2688
Huntington, WV 25726
Telephone: (304) 523-2100
Fax: (304) 523-2347
E-mail: chn@JenkinsFenstermaker.com
        saw@JenkinsFenstermaker.com

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

**SHERRY REYNOLDS,**

       **Plaintiff,**

**v.**                                    **Case No.**   2:19-cv-00038
                                          **(Formerly Civil Action No. 18-C-327)**

**ENCOMPASS HEALTH CORPORATION,**
**FREDA MCVAY and PAM DOUGLAS,**

       **Defendants.**

## CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the ***Notice of Removal*** by using the CM/ECF system.   A copy of the foregoing was sent to the following counsel via U.S. Mail, postage prepaid, in an envelope addressed to the following counsel of record on January 11, 2019:

Walt Auvil, Esq.
Kirk Auvil, Esq.
The Employment Law Center, PLLC
1208 Market Street
Parkersburg, WV 26101
*Counsel for Plaintiff*

                          /s/ Sarah A. Walling
                          Charlotte A. Hoffman Norris, Esq. (WVSB # 5473)
                          Sarah A. Walling, Esq. (WVSB # 11407)

Jenkins Fenstermaker, PLLC
P.O. Box 2688
Huntington, West Virginia 25726-2688

4825-8570-4837, v. 1