IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHERRY REYNOLDS

    Plaintiff,

v.                                            CIVIL ACTION NO. 2:19-cv-00038

ENCOMPASS HEALTH CORP., et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's motion to remand.[1] (ECF No. 3.) For the reasons discussed herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion. (ECF No. 3.)

## I. BACKGROUND

Plaintiff Sherry Reynolds ("Reynolds") filed the present action in the Circuit Court of Wood County, West Virginia, against her former employer, HealthSouth, which was absorbed by Defendant Encompass Health Corporation ("Encompass"), alleging a claim for retaliation in violation of the West Virginia Patient Safety Act ("WVPSA"). (*See* ECF No. 1-2.) Reynolds also named her former job trainers, Freda McVay ("McVay") and Pam Douglas ("Douglas"), as defendants. (*See id.*)

---

[1] Also pending before the Court is Defendants Freda McVay ("McVay") and Pam Douglas's ("Douglas") motion to dismiss. (ECF No. 7.) The Court stayed briefing on that motion pending a ruling on the present motion to remand. (ECF No. 14.)

On January 11, 2019, Encompass removed the present action to this Court invoking the Court's diversity jurisdiction. (ECF No. 1.) Reynolds is a resident of West Virginia and Encompass is a Delaware corporation with its principal place of business in Alabama. (*Id.* at 2, ¶ 7.) Although McVay and Douglas are both West Virginia residents, Encompass asserted in their Notice of Removal that they were fraudulently joined and, thus, federal jurisdiction is proper. (*Id.* ¶ 8.)

Reynolds filed the present motion to remand on January 16, 2019. (ECF No. 3.) Encompass timely responded to the motion, (ECF No. 11), and Reynolds timely replied, (ECF No. 12). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Congress has provided a right of removal from state to federal court if a case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Generally, this right exists in suits that involve a federal question or citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(2). However, because removal of civil cases from state to federal court infringes upon state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)). The party asserting federal jurisdiction bears the burden of proof. *See Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). In evaluating a party's claim to federal jurisdiction, a court should look toward the circumstances as they existed at the

time the notice of removal was filed. *See Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008).

The Supreme Court has long "read the statutory formulation 'between . . . citizens of different States'" in § 1332(a)(1) "to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Thus, under this "complete diversity" rule, jurisdiction is permitted "only when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted). "This . . . rule . . . makes it difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit prior to removal." *Id.*

However, the doctrine of fraudulent joinder permits a district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes*, 198 F.3d at 461. The Fourth Circuit lays a "heavy burden" upon a defendant claiming fraudulent joinder. *Johnson v. Am. Towers*, LLC, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). To establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: "[t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Mayes*, 198 F.3d at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). Thus, a plaintiff need only demonstrate a "glimmer of hope" of success in order to have the case remanded. *Hartley*, 187 F.3d at 425.

Given this rigorous standard, "fraudulent joinder is typically only found in cases of legal impossibility." *Flores v. Ethicon, Inc.*, 563 F. App'x. 266, 269 (4th Cir. 2014). However, a complaint may be "so inadequate and the record so entirely lacking in factual support that [a court] can only reasonably conclude that the non-diverse defendants were added to defeat jurisdiction." *Id.* In such cases, a finding of fraudulent joinder is also appropriate where the plaintiff fails to make any allegations in which a court can reasonably infer a cause of action. *Id.* at 70.

### III.  DISCUSSION

The jurisdictional facts in this case are not in dispute. Rather, Encompass asserts that McVay and Douglas were fraudulently joined as there is no possibility that Reynolds can establish a cause of action against either of them under the WVPSA. (*See* ECF No. 11 at 1.) Encompass specifically argues that Reynolds has not alleged any actual or inferred retaliatory conduct by Douglas or McVay. (*See id.* at 2.)

A.  *Fraudulent Joinder*

The WVPSA provides, in relevant part, the following:

(a) No person may retaliate or discriminate in any manner against any health care worker because the worker, or any person acting on behalf of the worker:
(1) Makes a good faith report, or is about to report, verbally or in writing, to the health care entity or appropriate authority an instance of wrongdoing or waste.
(2) Advocated on behalf of a patient or patients with respect to the care, services or conditions of a health care entity;

W. Va. Code § 16-39-4(a). The WVPSA further defines "retaliation" as including any "threat, intimidation, discharge or any adverse change in a health care worker's position, location, compensation, benefits, privileges or terms or conditions of employment that occurs as a result of a health care worker engaging in any action protected by this article." § 16-39-3(4). Thus, to establish a prima facie case of retaliation under the WVPSA, a plaintiff must show that he or she

4

"was a healthcare worker who was discriminated or retaliated against for making a good-faith report of wrongdoing or for advocating for patient safety." *Daniel v. Raleigh Gen. Hosp., LLC*, No. 5:17-cv-03986, 2018 WL 3650248, *9 (S.D. W. Va. Aug. 1, 2018).

In her Complaint, Reynolds alleges that she reported to McVay and Douglas that she had not received adequate training on how to enter patients into the HealthSouth system and on how to enter orders for medication. (*See* ECF No. 1-2 at 9, ¶¶ 17–18.) Reynolds additionally alleges that she explained to Douglas that she was not properly trained to lab technician work and such lack of training was causing issues with patient care. (*See id.* at 10, ¶ 25.) Reynolds further alleges that she "remonstrated Defendants' requirement that she aid and abet in the falsification of patient charts." (*Id.* at 7, ¶ 48.) Lastly, Reynolds alleges that "Defendants engaged in retaliation" against her for the above reports and that McVay and Douglas aided and abetted Encompass in this retaliation. (*Id.* at 13–14, ¶¶ 50–53.)

Construing all facts and legal conclusions in favor of Reynolds, these allegations allege a possible claim against McVay and Douglas under the WVPSA. The above allegations show that Reynolds specifically alleges that she reported issues with patient care and wrongdoing. Further, although the allegation that McVay and Douglas "aided and abetted" the other Defendants in retaliating against Reynolds is fairly bare, it is not "entirely lacking in factual support" such that a finding of fraudulent joinder is warranted. *See Rowe v. Peoples Bancorp, Inc.*, No. 3:18-cv-1186, 2018 WL 6681198, at *3 (S.D. W. Va. Dec. 19, 2018) (finding that the plaintiff showed a possibility of recovery under a different West Virginia, anti-discrimination statute where the plaintiff alleged that the non-diverse defendant aided and abetted the plaintiff's employer in discriminating against the plaintiff and stating that, "any argument about the insufficiency of

5

Plaintiff's claims as stated is not the correct analysis under a motion to remand"); *Hannah v. GC Servs. Ltd. Partnership*, No. 3:14-cv-24866, 2015 WL 400620, at 2 (S.D. W. Va. Jan. 28, 2015) (finding similarly); *see also Cross Lanes Veterinarians Real. Prop. v. Huntington Bancshares, Inc.*, No. 2:12-cv-8084, 2013 WL 5409817, at *5 (S.D. W. Va. Sept. 25, 2013) (finding that the plaintiff had stated a possible claim, even if it appeared unlikely and stating, "where the West Virginia Supreme Court has not squarely decided this issue under factual circumstances similar to those presented here, the Court declines to decide such issues."). Thus, Encompass has not met its heavy burden of showing that Reynolds has no possibility of recovery against McVay and Douglas. As such, the Court **FINDS** that McVay and Douglas were not fraudulently joined. Accordingly, there is no diversity jurisdiction in this case.

B.  *Attorneys' Fees*

Reynolds also moves for Encompass to pay her attorneys' fees and costs for improper removal. (*See* ECF No. 3 at 5–8.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "when an objectively reasonable basis exists, fees should be denied." *Mounts v. Blackhawk Mining, LLC*, No. 2:15-cv-13335, 2015 WL 6511311, at *2 (S.D. W. Va. Oct. 28, 2015) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

Here, Encompass reasonably attempted to analogize the present case to other cases in which a court found that the pleadings were so deficient that the defendant has successfully demonstrated fraudulent joinder. The fact that the Court ultimately does not find Encompass's argument persuasive, does not mean that Encompass lacked an objectively reasonable basis for removal. As such, the Court denies Reynold's request for fees and costs.

*IV. CONCLUSION*

For the reasons discussed more fully above, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to remand, (ECF No. 3), and **REMANDS** this case to the Circuit Court of Wood County, West Virginia.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 26, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE